Submitted February 25, affirmed July 8, 2021

## STATE OF OREGON,
### *Plaintiff-Respondent,*

*v.*

## RUBY LAVONNE BOLTON,
### *Defendant-Appellant.*

### Washington County Circuit Court
### 18CR30832; A171673

493 P3d 1116

Defendant was convicted of various crimes for misrepresenting her marital status to obtain public assistance in 2015 and 2016. In addition to restitution, the trial court imposed a $73,593.90 compensatory fine, which accounted for public assistance that defendant had unlawfully obtained prior to 2015. She appeals, contending that the trial court erred in imposing the compensatory fine for conduct that occurred prior to the time period covered by the indictment. *Held*: The trial court did not err. The court was authorized to impose a penalty fine under ORS 161.625 and then, under ORS 137.101, to direct that that fine money be used to compensate the victim of defendant's crime, without limiting the amount of the compensatory fine to the economic damages sustained by the victim.

Affirmed.

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

Defendant was convicted of three counts of first-degree theft, ORS 164.055, three counts of unlawfully obtaining public assistance, ORS 411.630, and three counts of unlawfully obtaining supplemental nutrition assistance, ORS 411.840. She appeals from a judgment imposing a $73,593.90 compensatory fine, contending that the trial court erred in imposing that fine based on criminal activities that were not alleged in the indictment. We affirm.

The relevant facts are largely procedural and undisputed. The state charged defendant with various crimes, alleging that, in 2015 and 2016, defendant had obtained public assistance that she was not entitled to receive by misrepresenting her marital status to the Oregon Department of Human Services (DHS). Although the criminal activity alleged in the indictment occurred in 2015 and 2016, at trial, the state presented evidence that defendant had misrepresented her marital status to DHS beginning in 2010. After defendant was convicted, she stipulated to a restitution award of $17,307.00, which was calculated based on the amount of public assistance she had unlawfully obtained during the time period covered by the indictment. The court also awarded a compensatory fine of $73,593.90 based on the additional assistance she had received starting in 2010.

On appeal, defendant contends that it was error for the trial court to impose a compensatory fine for defendant's receipt of public assistance that occurred prior to the time period covered by the indictment. We rejected a similar argument in *State v. Garlitz*, 287 Or App 372, 404 P3d 1090 (2017). In that case, the defendant pleaded guilty to identity theft and criminal mistreatment for her financial abuse of an elderly man and her fraudulent use of bank cards under his name. *Id*. at 374. The trial court imposed a compensatory fine that accounted for the losses caused by the defendant to the victim and various banks. *Id*. at 375-76. The defendant argued that the court erred in imposing the compensatory fine because it "exceed[ed] the damages incurred by [the victim] and the banks within the date range set out by her guilty plea." *Id*. at 376. In other words, the defendant argued

that "a fine designated as compensatory cannot exceed the economic losses in fact caused by the specific conduct to which defendant admitted." *Id.*

We explained that, unlike the restitution statute, the compensatory fine statute, ORS 137.101, operates as a "distribution mechanism" that permits a sentencing court to redirect money from fines imposed as penalties for certain crimes:

> "Under ORS 161.625, a sentencing court is authorized to impose a fine upon a defendant as penalty for the commission of classified felonies. ORS 137.101, in turn, authorizes a sentencing court to direct that some or all of that fine money be used to compensate the victims of the defendant's crimes if those victims have suffered damages for which they would have a civil action against the defendant as a result of those crimes."

*Id.* at 376-77. We further explained that, "[a]lthough a sentencing court's authority to redirect that money is not unlimited, the amount of the compensatory fine need not be calibrated to—or limited to—the economic damages sustained by the victim[.]" *Id.* at 377. Therefore, the defendant's argument that the trial court erred when it did not restrict the compensatory fine to the specific damages that the victims suffered during the time period covered by the defendant's plea "necessarily fail[ed]." *Id.* at 378.

The same reasoning applies here.[1] The trial court "was permitted to impose whatever penalty fines were authorized by ORS 161.625"—which were authorized here in excess of the compensatory fine at issue—and then, "under ORS 137.101, direct that some or all of those monies be paid to [the victim] of defendant's offenses without determining the precise value of damages caused by defendant's conduct." *Id.* Thus, the court did not err when it imposed a compensatory fine that was greater than the amount of

---

[1] In *Garlitz*, we noted that the "only requirements" to impose a compensatory fine are that the "victim have a remedy by civil action for the injuries that he or she suffered as a result of defendant's crime and that punitive damages have not been previously decided in a civil case arising out of the same act and transaction." 287 Or App at 377. Defendant does not contend that those requirements were not met here.

economic damages that the victim suffered during the time period alleged in the indictment.

Affirmed.